UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE A. MAGANA, | Case No. 3:22-cv-00198-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, et. al., | |
| Respondents. | |

Petitioner Jose A. Magana, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) and paid the filing fee (ECF No. 3). The petition alleges the Nevada Department of Corrections ("NDOC") violated due process, equal protection, and the prohibitions against imposition of ex post facto laws and cruel and unusual punishment, by failing to apply credits toward Magana's minimum sentences, in accordance with NRS § § 209.446 and 209.4465. (ECF No. 1-1 at 3–7.) Magana seeks an order directing the NDOC to recompute his eligibility for a parole hearing and for monetary compensation because he believes he (and his family) have suffered due to his incarceration for a lengthier time than he would otherwise serve had NDOC earlier applied the credits to his minimum sentence. (*Id.*) For the reasons discussed below, the Court will dismiss the petition without prejudice.

Under Habeas Rule 4, the Court must examine the habeas petition and order a response unless it "plainly appears" Magana is not entitled to relief. *See also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued

1

by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

In 1993, Magana pleaded guilty in the Eighth Judicial District Court for Clark County to first-degree kidnapping and sexual assault of a minor under 14 years of age.[1] Magana was sentenced to consecutive terms of imprisonment for 5 years to life for the first-degree kidnapping followed by 10 years to life for the sexual assault. Magana's pretrial credits were dismissed. Magana was paroled for the kidnapping, but twice denied parole for the sexual assault offense in 2014 and 2017.

In 2018, Magana filed a petition for writ of habeas corpus in the state district court based on the same allegations he alleges in the petition. The State filed an opposition claiming, *inter alia*, a petition for writ of habeas corpus was an improper proceeding for the relief sought, Magana was statutorily ineligible for credits toward his minimum sentences, and the claim was moot because Magana had already received two parole hearings. The state district court denied the civil rights claims and agreed Magana was ineligible for the credits and the claim was moot. Magana appealed and the Nevada Court of Appeals affirmed. Remittitur issued on September 10, 2020. More than 19 months later, on May 3, 2022, Magana filed the instant petition under 28 U.S.C. § 2241.

Magana's claims are not cognizable in federal habeas because success on the merits of the claims "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934–935 (9th Cir. 2016). "The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983.'" *Nettles*, 830 F.3d. at 927 (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)

---

[1] The Court takes judicial notice of the record on appeal located in online docket of the Nevada Appellate Courts for Magana's state postconviction habeas corpus proceeding at https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57290.

2

(per curiam)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action . . . ." *Id.* "A § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* at 931. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a § 1983 action. *Id.* Habeas relief is also unavailable for "probabilistic claims," i.e., where success on the claims "could potentially affect the duration of confinement" or is "likely to accelerate the prisoner's eligibility for parole." *Id.* at 933–34. (quotation omitted).

Magana fails to state a cognizable federal habeas claim because his claims fall outside the core of habeas and are probabilistic in nature. If Magana's claims were to succeed, it would mean only that he is entitled to an earlier parole hearing, and an earlier parole hearing will not necessarily lead to Magana's immediate or speedier release as the parole board has the authority and discretion to grant or deny parole. *See, e.g., Gordon v. Premo*, 757 Fed. App'x. 627, 628 (9th Cir. 2019) (unpublished disposition); *Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017).

The Court furthermore declines to recharacterize the petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, i.e, it names the correct defendants and seeks the correct relief, a federal court may construe the petition to plead causes of action under § 1983. *Nettles*, 830 F.3d. at 935–36; *see also Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible

or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). For example, the filing fee for a habeas petition is $5, and if the prisoner receives permission to proceed in forma pauperis, the filing fee is waived. For civil rights cases, however, a prisoner is required to pay a $350 filing fee pursuant to the Prisoner Litigation Reform Act by way of monthly payments from the prisoner's trust account—even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition when he or she would not be required to pay a filing fee might feel differently about a civil rights complaint for which $350 would be deducted from his or her account in monthly payments. Even if the court dismisses the civil rights complaint, a petitioner is obligated to pay the full $350 and account deductions will continue until the balance is paid. *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016). Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim will count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In this case, the petition is not amenable to conversion on its face because it is not clear that Magana has named the proper defendant or whether recharacterization would disadvantage him. I will therefore dismiss the petition without prejudice and instruct the Clerk of Court to send Magana a form

///
///
///
///
///

4

complaint for § 1983 civil rights actions, so that Magana may assert claims under 42 U.S.C. § 1983 in a new case if Magana chooses to do so.

**IT IS THEREFORE ORDERED:**

1. Magana's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.
2. A certificate of appealability is denied as reasonable jurists would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.
3. The Clerk of Court is instructed to send Magana one blank copy of the form complaint for § 1983 civil rights actions.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.
5. The Clerk of Court will file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and informally serve the Nevada Attorney General with the petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.
6. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 15th day of November 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE